# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:82-CV-00566-GCM

| | |
|---|---|
| LARRY MARSHAK, | ) |
|       Plaintiffs, | ) |
| v. | ) **ORDER** |
| MICHAEL BRIDGE, | ) |
|       Defendants. | ) |

**THIS MATTER COMES** before this Court on Original Drifters, Inc.'s Motion to Intervene (Doc. No. 217) and Original Drifters, Inc.'s Motion to Vacate Consent Judgments (Doc. No. 220). Plaintiff Larry Marshak responded to both Motions, and Original Drifters, Inc. ("Movants") replied. Thus, this matter is ripe for disposition.

## I. FACTUAL BACKGROUND

The factual background in this case is convoluted. However, the Court will limit its discussion of the facts to those directly relevant to the two pending Motions. This case, filed in 1982, resulted in two consent judgments between the original parties as to the trademark rights surrounding the Drifters name. The latest of those consent judgments happened in 1996. (Doc. No. 199).

Bill Pinkney ("Pinkney") was one of the parties to the 1996 consent agreement. Later, Pinkney applied for and received a trademark for BILL PINKNEY'S ORIGINAL DRIFTERS. (Doc. No. 229-2). Pinkney's probate estate subsequently assigned the rights to that mark to Movants. *Id.* Movants received the rights to that mark on August 1, 2007. *Id.* Movants were not a party to the 1996 consent judgment.

1

Larry Marshak, plaintiff in this original proceeding, filed a Demand for Arbitration against Movants on February 2, 2016 based on the 1996 consent judgment. (Doc. No. 217-1). The demand for arbitration alleged a violation of the 1996 consent judgment by Pinkney's estate and Movants. *Id.* Rather than arbitrate the case to completion, Movants moved this Court to intervene in the 1982 case on July 26, 2018. (Doc. No. 217).

## II. DISCUSSION

Movants seek to intervene in the above captioned case that closed over twenty years ago. Movants claim intervention as of right and permissive intervention are both appropriate in this case. As such, the Court will discuss both below.

### a. Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention if a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). Discussing Rule 24(a), the Fourth Circuit imposed four requirements for intervention as of right. The four requirements are: (1) "the application to intervene must be timely"; (2) "the applicant must have an interest in the subject matter of the underlying action"; (3) the applicant's ability to protect its interest would be impaired or impeded if its motion to intervene were denied; and (4) the applicant's interest "is not adequately represented by the existing parties to the litigation." *Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

The Court must first consider whether the Motion to Intervene is timely. "[T]imeliness is a 'cardinal consideration' of whether to permit intervention." *Id.* (internal citations omitted). The Court should consider "how far the suit has progressed, the prejudice which delay might cause

other parties, and the reason for the tardiness in moving to intervene" to determine if the motion is timely. *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). "There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." *Hous. Gen. Ins. Co.*, 193 F.3d at 840 (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1916, at 444–45 (West 1986)). "The determination of timeliness is committed to the discretion of the district court and will not be disturbed on appeal except for an abuse of that discretion." *Hous. Gen. Ins. Co.*, 193 F.3d at 839 (citing *NAACP v. New York,* 413 U.S. 345, 365–66 (1973)).

In this case, the Motion to Intervene is not timely. This case closed on May 31, 1996. The appeals period in this case ended over twenty-two years ago. *See* Fed. R. Civ. Pro. 4. The Fourth Circuit has held that a Motion to Intervene filed after the close of the appeals period is untimely. *Hous. Gen. Ins. Co.*, 193 F.3d at 840. While the close of the appeals period is not an absolute bar to intervention, the decision to allow intervention remains within the discretion of the Court. *See id.* at 839. The Court declines to allow intervention in this case. The delay in filing this Motion would substantially prejudice the original parties. Additionally, the Court is not convinced that Movants' proffered reason for the delay is sufficient to allow intervention.

Movants also argue that intervention as of right is applicable because 28 U.S.C. §1338 provides Movants with an unconditional right to intervene under Federal Rule of Civil Procedure 24(a)(1). This argument is without merit, however. Title 28 United States Code Section 1338 provides original jurisdiction to federal courts in certain cases. The statute does not provide a party with an unconditional right to intervene in a case that has been closed over twenty-two years. As

such, the Court finds that Movants do not meet the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). Thus, the Motion to Intervene under Rule 24(a) is **DENIED**.

   b. **Permissive Intervention**

Movants also argue that the Court should grant their Motion to Intervene under Federal Rule of Civil Procedure 24(b). Rule 24(b)(1) states: "*In General.* On timely motion, the court may permit anyone to intervene who. . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1). The decision to grant intervention on the basis of Rule 24(b) lies within the sound discretion of the district court. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

In the Court's discretion, the Court will deny the Motion to Intervene as untimely. As a threshold matter, a party moving to intervene in a case must file a timely motion. Fed. R. Civ. Pro. 24(b)(1). The Fourth Circuit has emphasized that district courts have wide discretion when determining timeliness. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Under the same analysis discussed above, Movants in this case failed to file a timely motion. The Court refuses to utilize the Court's discretion to allow intervention in a case that closed over twenty years ago. As such, Movants' Motion to Intervene under Rule 24(b) is **DENIED**.

   c. **Motion to Vacate Consent Judgments**

Movants also filed a Motion to Vacate Consent Judgments. However, because the Court denied Movants' Motion to Intervene, Movants do not have standing to bring this Motion before the Court[1]. As such, Movants' Motion to Vacate Consent Judgments is **DENIED**.

---

[1] There is no controlling Fourth Circuit law on whether a non-party has standing to bring a Rule 60(b) motion.

## III. CONCLUSION

For the aforementioned reasons, Movants' Motion to Intervene and Motion to Vacate Consent Judgments are **DENIED**. Due to the ruling on these Motions, Marshak's Motion to Strike Supplemental Authority (Doc. No. 238) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: November 28, 2018

Graham C. Mullen
United States District Judge